UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AINTZANNEE I. WEBB,

      Plaintiff,

vs.               Case No.  3:07-cv-362-J-33TEM

DEPARTMENT OF CHILDREN AND FAMILIES,
State of Florida

      Defendant.
_____/

## ORDER

   This cause comes before the Court pursuant to the Department of Children and Families'

Motion to Dismiss (Doc. #5), filed on September 4, 2007.  The Court entered an order (Doc. #8) on

October 2, 2007, directing Webb to respond to the motion to dismiss.  Webb filed a response (Doc.

#9) on October 8, 2007.  For the reasons below, the motion is granted.

## I.  STANDARD OF REVIEW

   In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and

views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d

1269, 1273 (11th Cir. 2004) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th

Cir. 1998)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set

of facts consistent with the allegations in the complaint."  Bell Atl. Corp. v. Twombly, 127 S. Ct.

1955, 1969 (2007).  The plaintiff is not required by the Federal Rules of Civil Procedure to "set out

in detail the facts upon which he bases his claim."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  All

that is required is "a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).

"The allegations of a complaint . . . must be read in a liberal fashion." <u>Faulk v. City of Orlando</u>, 731 F.2d 737, 789-90 (11th Cir. 1984) (citations omitted).  However, no matter how liberally read, the statements must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003) (quoting <u>Conley</u>, 355 U.S. at 47).  The complaint must contain inferential allegations from which the Defendant can derive "each of the material elements necessary to sustain a recovery under some viable theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 684 (11th Cir. 2001).  Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. <u>Jackam v. Hosp. Corp. of Am. Mideast</u>, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## II.     BACKGROUND

Webb, a resident of the State of Florida, brought this suit against the Department of Children and Families, a Florida state agency, alleging discrimination against Webb on the basis of a disability.  (Doc.#1 at 1-2.)  Webb alleges that she began "temporary to permanent employment" with "Manpower" in July 2006; Webb contends that Manpower is operated by the management of DCF.  (<u>Id.</u> at 2.)  Webb states that she suffers from acromyalgia, a bone disease.  She alleges that she was questioned and harassed because of this condition, and that it created a hostile work environment. (<u>Id.</u> at 2-3.)  Webb brought claims under the Jacksonville Municipal Code, Chapter 760, Florida Statutes, the American with Disabilities Act of 1990, and the Civil Rights Act of 1991. DCF moved to dismiss this suit for Webb's failure to state a claim, for lack of personal jurisdiction, and failure to join a necessary party under Rule 19, pursuant to Rule 12(b)(6), Rule (12(b)(2), and

Rule 12(b)(7), Federal Rules of Civil Procedure.  DCF also moved for sanctions under Rule 11(b)(2)

for attorney's fees for Webb's bringing a claim not warranted by existing law.

## III.    DISCUSSION

### A.    Lack of Jurisdiction Over a State Agency

DCF first argues that this Court lacks jurisdiction over a state agency for these claims.  The

Eleventh Amendment prevents federal courts from exercising original jurisdiction over any suit

brought against a state, or its agency, by an individual citizen.  U.S. Const. amend. XI; Hans v.

Louisiana, 134 U.S. 1, 15-18 (1890).  A state may consent to federal jurisdiction, but this waiver of

sovereign immunity must be expressly done.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-

40 (1985).  The waiver of sovereign immunity under Florida law is found in section 768.28, Florida

Statutes (2007).  This limited waiver expressly states that no section of the Florida Statutes  "shall

be construed to waive the immunity of the state or any of its agencies from suit in federal court, .

. . unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state

. . . from suit in federal court."  § 768.28(18), Fla. Stat. (2007).  The Court's research does not reveal

that the state of Florida has waived its immunity in federal court for claims under the Jacksonville

Municipal Code or Chapter 760, Florida Statutes.  Even if these claims were proper under state law,

the Eleventh Amendment prohibits suits in federal court against state agencies based on state law,

even if a claim is brought under pendent or supplemental jurisdiction.  Pennhurst State Sch. & Hosp.

v. Halderman, 465 U.S. 89, 121 (1984).  States are also immune from liability for damages under

the ADA.  Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001).  As such, the Court

lacks personal jurisdiction over DCF in regards to the claims under the Jacksonville Municipal

Code, Chapter 760, Florida Statutes, and the ADA, and therefore, on this basis, these claims are dismissed with prejudice.

### B.    Civil Rights Act of 1991

Webb also seemingly brings a claim under the Civil Rights Act of 1991, though the Court struggles to glean exactly what Webb is alleging under this law.  The Civil Rights Act of 1991 amended the Civil Rights Act of 1964, implementing changes in several federal statutes, most significantly to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, both which prohibit racial discrimination.  With even the most liberal reading of this complaint, the Court cannot discern an adequately pleaded complaint that gives the defendant a fair notice of what this claim is and its grounds.  Therefore, this claim is dismissed without prejudice.

### C.    Rule 11 Sanctions

DCF also requests that this Court sanction Webb's counsel, Mr. Jarahn Newman, pursuant to Rule 11.  A motion for sanctions under Rule 11 must be made separately from other motions and requests.  Fed. R. Civ. P. 11(c)(1)(A).  Since this motion for sanctions was combined with the motion to dismiss, the Court will not address the merits of this motion, for failure to comply with the rule.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

The Department of Children and Families' Motion to Dismiss (Doc. #5) is **GRANTED**.  The claims under the Jacksonville Municipal Code, Chapter 760, Florida Statutes, and the American Disabilities Act of 1990 are dismissed **with prejudice**.  The claim under the Civil Rights Act of

1991 is dismissed **without prejudice.**  The Clerk is directed to terminate any previously scheduled deadlines and pending motions and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>10th</u> day of October, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record